HUMBERTO R. AGOSTINI Y ALVAREZ, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 765.  Submitted May 6, 1929.—Decided May 9, 1929.

*Oscar Souffront* for the appellant.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

An action of debt was brought in the District Court of Mayagüez by H. R. Agostini against S. Agostini and his children as the heirs of Eugenia Alvarez, four of the children being minors. After the defendants had been summoned their attorney presented a motion acknowledging the debt and acquiescing in the rendition of judgment against them without costs. This was done. The minors were represented by defendant S. Agostini, their father with *patria potestas.*

The judgment having become final, a writ of execution

was issued and the marshal of the district levied on and sold publicly a certain rural property in execution thereof and executed the corresponding deed of sale in favor of H. R. Agostini, the purchaser.

On the presentation of that document in the registry of property the registrar recorded it, but noted a defect, as follows:

"The sale is recorded . . . . with the curable defect that the minors were not represented in the action by a guardian ad litem in order to acquiesce in the complaint, which renders the judgment erroneous."

The purchaser has taken the present appeal in which the registrar has appeared to explain the grounds of his decision.

In our opinion there is no such defect.

As we have said, the defendant minors were represented by their father according to the provisions of section 223 of the Civil Code, as follows:

"Sec. 223. The father and the mother have, with respect to their children not emancipated:

"1. The duty of supporting them, keeping them in their company, educating and instructing them in accordance with their means, and representing them in the exercise of all actions which may redound to the benefit of such children . . . ."

The debt sued for was common to the father and the children. It seems to have been contracted by the conjugal partnership. This was dissolved by the death of the mother and the children occupied the place of their mother. There were no opposed interests and therefore there was no necessity for the appointment of a person to defend them, in accordance with section 230 of the Civil Code which reads as follows:

"Sect. 230. Whenever, in any matter, the father or mother have interests opposed to those of their unemancipated children, the district court shall appoint for the latter a person to defend their interests, who shall represent them in or out of court.

"The district court, on petition of the father or mother, the minor himself, the public attorney or any other person capable of appearing

in a suit, shall appoint, as the person to defend the interests of the said unemancipated child, the relative who, in a proper case, would act as his tutor by effect of the law, and, in his default, to another relative or any other person.''

Section 56 of the Code of Civil Procedure, invoked by the registrar, may be harmonized with the cited provisions of the Civil Code. It reads as follows:

''Sec. 56. When an infant or an insane or incompetent person is a party, he must appear either by his general guardian or by a guardian ad litem appointed by the court in which the action is pending, in each case, or by a judge thereof. A guardian ad litem may be appointed in any case, when it is deemed by the court in which the action or proceeding is prosecuted, or by a judge thereof, expedient to represent the infant, insane or incompetent person in the action or proceeding, notwithstanding he may have a general guardian, and may have appeared by him.''

Under our law guardianship arises when there is no *patria potestas*. Parents are the lawful representatives of their children. When the children are represented by a guardian or by a defensor it is because the parents are dead or disqualified. In the case under consideration the father was alive, he was in the full exercise of his *patria potestas* over his minor children and there was no incompatibility between the interests of the one and of the others.

Undoubtedly what led the registrar into error was the use of the word ''tutor'' in the Spanish text of the statute. In the English text the word ''guardian'' is used and it has been held by the jurisprudence that ''the father, or, in some cases, the mother, is the natural guardian of the child.'' See 13 Cal. Jur. 138, 142.

If any doubt existed it would be dispelled by section 57 of the Code of Civil Procedure which reads as follows:

''When the guardian ad litem is appointed by the court or judge, he must be appointed as follows:

''1. When the infant is plaintiff, upon the application of the infant, if he be of the age of fourteen years, or if under that age upon the application of a relative or friend of the infant.

"2. When the infant is defendant, upon the application of the infant, if he be of the age of fourteen years, and apply within ten days after the service of the summons; if he be under the age of fourteen years, or neglects so to apply, then upon the application of any other party to the action, or of a relative or friend of the infant.

"3. When an insane or incompetent person is a party to an action or proceeding, upon the application of a relative or friend of such insane or incompetent person, or of any other party to the action or proceeding."

As well contended by the appellant in his brief, that section "clearly determines that the appointment of the guardian *ad litem* referred to in section fifty-six can be made only when the minor has no father or mother with *patria potestas,* because if such a case were included, it would be necessary to make the appointment, and it is so specified by section 57, upon application of the father or mother in the case of a minor under fourteen years of age. *'Incluso unius est exclusio alterius.'*"

Section 77 of the Act relating to special legal proceedings (Comp. 1911, p. 312), cited also by the registrar in support of his decision, rather supports the contention of the appellant.

By virtue of the foregoing the decision appealed from must be reversed and the record ordered without the defect noted.